UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:21-CV-00469-FL

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, | **ANSWER OF DEFENDANTS, HOEKSTRA, HOOKS, MOOSE, CARTER, DUNSTON, BLEEKER, PARDUE, KENDALL AND THE NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY TO PLAINTIFF'S FIRST AMENDED COMPLAINT [D.E. 35]** |
| Plaintiff, | |
| v. | |
| CASANDRA SKINNER-HOEKSTRA, *et al.*, | |
| Defendants. | |

NOW COME Defendants, Casandra Skinner Hoekstra, Erik A. Hooks, Tim Moose, Darcell Carter, Larry Dunston, Garry Bleeker, Doug Pardue, Zachary Kendall and the North Carolina Department of Public Safety ("NCDPS") (together, "Answering Defendants"), by and through Special Deputy Attorney General James B. Trachtman, and respond to Plaintiff's First Amended Complaint [D.E. 35] as follows:

### FIRST DEFENSE

The Complaint fails to state a claim with respect to one or more count pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE AND ANSWER

### INTRODUCTION

1. Answering Defendants admit that Plaintiff purports to bring this action for injunctive relief and further admit that Plaintiff sends publications to incarcerated persons in NCDPS facilities. Except as admitted, denied.

2. Answering Defendants admit that Plaintiff purports to bring this action pursuant to 42 U.S.C. §1983, seeking injunctive, declaratory, and monetary relief. Except as admitted, denied.

## JURISDICTION AND VENUE

3. The allegations contained in paragraph 3 state legal conclusions, and no response is required of Answering Defendants. To the extent a response to this paragraph is required, denied.

4. The allegations contained in paragraph 4 state legal conclusions, and no response is required of Answering Defendants. To the extent a response to this paragraph is required, denied.

5. Answering Defendants admit that at least one Defendant resides within this judicial district, and that all Answering Defendants are residents of North Carolina. Except as admitted, denied.

## PARTIES

6. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

7. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

8. Answering Defendants admit that Defendant Carter is being sued in her official capacity for injunctive and declaratory relief, and in her individual capacity for damages and for injunctive and declaratory relief. Answering Defendants further admit that Defendant Carter served as the Chair of the Publication Review Committee ("PRC") and, in that role, Defendant

Carter reviewed the appeals along with the other PRC members to determine if the PRC concurred with the facility's determination. Except as admitted, denied.

9. Answering Defendants admit that Defendant Hooks is being sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for damages and for injunctive and declaratory relief. Answering Defendants further admit that Defendant Hooks was the Secretary of NCDPS from on or about January 5, 2017 through on or about August 1, 2021. Except as admitted, denied.

10. Answering Defendants admit that Defendant Hoekstra is being sued in her official capacity for injunctive and declaratory relief, and in her individual capacity for damages and for injunctive and declaratory relief. Answering Defendants further admit that Defendant Hoekstra was the Interim Secretary of NCDPS from on or about August 1, 2021 through on or about November 1, 2021. Except as admitted, denied.

11. Answering Defendants admit that Defendant Moose is being sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for damages and for injunctive and declaratory relief. Answering Defendants further admit that Defendant Moose has been the Chief Deputy Secretary of the Division of Adult Correction and Juvenile Justice within NCDPS since in or about June, 2019. Except as admitted, denied.

12. Answering Defendants admit that Defendant Pardue is being sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for damages and for injunctive and declaratory relief. Except as admitted, denied.

13. Answering Defendants admit that Defendant Dunston is being sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for damages and for

injunctive and declaratory relief. Answering Defendants further admit that Defendant Dunston served on the PRC and, in that role, Defendant Dunston reviewed the appeals along with the other PRC members to determine if the PRC concurred with the facility's determination. Except as admitted, denied.

14. Answering Defendants admit that Defendant Bleeker is being sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for damages and for injunctive and declaratory relief. Answering Defendants further admit that Defendant Bleeker served on the PRC and, in that role, Defendant Bleeker reviewed the appeals along with the other PRC members to determine if the PRC concurred with the facility's determination. Except as admitted, denied.

15. Answering Defendants admit that Defendant Kendall is being sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for damages and for injunctive and declaratory relief. Answering Defendants further admit that Defendant Kendall served on the PRC and, in that role, Defendant Kendall reviewed the appeals along with the other PRC members to determine if the PRC concurred with the facility's determination. Except as admitted, denied.

16. Answering Defendants admit that Defendant Wendy Hardy is being sued in her official capacity for injunctive and declaratory relief, and in her individual capacity for damages and for injunctive and declaratory relief. Answering Defendants further admit that Defendant Hardy served on the PRC and, in that role, Defendant Hardy reviewed the appeals along with the other PRC members to determine if the PRC concurred with the facility's determination. Except as admitted, denied.

17. Answering Defendants admit that Defendant Shane Tharrington is being sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for damages and for injunctive and declaratory relief. Answering Defendants further admit that Defendant Tharrington served on the PRC and, in that role, Defendant Tharrington reviewed the appeals along with the other PRC members to determine if the PRC concurred with the facility's determination. Except as admitted, denied.

18. Admitted.

**FACTUAL ALLEGATIONS**

19. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

20. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

21. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

22. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

23. Answering Defendants deny that HRDC's publications contain only political speech and social commentary entitled to First Amendment protection. The remaining allegations contained in paragraph 23 state legal conclusions, and no response is required of Answering Defendants. To the extent a response to the remaining allegations in this paragraph is required, denied.

24. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

25. Answering Defendants deny censorship. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

26. Answering Defendants deny censorship. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

27. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

28. The allegations contained in paragraph 28 state legal conclusions, and no response is required of Answering Defendants. To the extent a response to this paragraph is required, denied.

29. The allegations contained in paragraph 29 state legal conclusions, and no response is required of Answering Defendants. To the extent a response to this paragraph is required, denied.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted.

44. Denied.

45. Denied.

46. Admitted.

47. Denied.

48. Admitted.

49. Denied.

50. Denied.

51. Admitted.

52. Denied.

53. Denied.

54. Admitted.

55. Denied.

56. Denied.

57. Admitted.

58. Denied.

59. Denied.

60. Admitted.

61. Denied.

62. Admitted.

63. Denied.

64. Denied.

65. Admitted.

66. Denied.

67. Denied.

68. Admitted.

69. Denied.

70. Admitted.

71. Admitted.

72. Admitted.

73. Denied.

74. Denied.

75. Admitted.

76. Denied.

77. Denied.

78. Admitted.

79. Denied.

80. Admitted.

81. Denied.

82. Admitted.

83. Denied.

84. Denied.

85. Admitted.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

91. Denied.

92. Admitted.

93. Denied.

94. Admitted.

95. Denied.

96. Admitted.

97. Denied.

98. Denied.

99. Admitted.

100. Denied.

9

101. Denied.

102. Admitted.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Admitted.

110. Denied.

111. Admitted.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

10

## COUNT I

122. Answering Defendants restate and incorporate their responses to the previous paragraphs as if fully set forth herein.

123. Denied.

124. The allegations contained in paragraph 124 state legal conclusions, and no response is required of Answering Defendants. To the extent a response to this paragraph is required, denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

## COUNT II

129. Answering Defendants restate and incorporate their responses to the previous paragraphs as if fully set forth herein.

130. Denied.

131. The allegations contained in paragraph 131 state legal conclusions, and no response is required of Answering Defendants. To the extent a response to this paragraph is required, denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Admitted.

### THIRD DEFENSE

To the extent Plaintiff seeks to recover money damages from Answering Defendants in their official capacity, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages. The State of North Carolina has not consented to suit or otherwise waived such immunity.

### FOURTH DEFENSE

Qualified immunity shields Answering Defendants in their individual capacity from Plaintiff's claims against them for monetary damages as Answering Defendants did not violate any clearly established constitutional rights of which a reasonable person would have known.

### FIFTH DEFENSE

Answering Defendants did not deprive Plaintiff of any right under the Constitution of the United States or other federal law. Plaintiff has failed to allege facts to support a finding that Answering Defendants subjected Plaintiff to any violation of Plaintiff's rights under the Constitution of the United States or other federal law.

### SIXTH DEFENSE

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Answering Defendants, and Answering Defendants plead such failure in bar of any claim against them for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Answering Defendants required to support a claim for punitive damages.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, and having

asserted the above-noted affirmative defenses and immunities, Answering Defendants herein pray the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Answering Defendants in this action;

3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;

4. For a trial by jury of all issues of fact herein; and

5. For such other and further relief as the Court deems just and proper.

This the 31st day of October, 2022.

**JOSHUA H. STEIN**
**ATTORNEY GENERAL**

/s/ James B. Trachtman
James B. Trachtman
Special Deputy Attorney General
N.C. State Bar No. 22360
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone:    (919) 716-6943
Fax:          (919) 716-6761
E-mail:       jtrachtman@ncdoj.gov

13

Case 5:21-cv-00469-FL    Document 37    Filed 10/31/22    Page 13 of 14

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing **ANSWER OF DEFENDANTS, HOEKSTRA, HOOKS, MOOSE, CARTER, DUNSTON, BLEEKER, PARDUE, KENDALL AND THE NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY** with the Clerk of the Court utilizing the CM/ECF system, which provides electronic notification to counsel for the Parties as follows:

Ari S. Meltzer
Wiley Rein LLP
2050 M Street NW
Washington, DC  20036

Daniel L. Marshall
Human Rights Defense Center
P. O. Box 1511
Lake Worth, FL  33460

Elizabeth Simpson
EMANCIPATE NC
P. O. Box 309
Durham, NC  27702

This the 31st day of October, 2022.

/s/ James B. Trachtman
James B. Trachtman
Special Deputy Attorney General